UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NATURE SCHOENDORF, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA OF ORLANDO, a/k/a, CENTRAL FLORIDA MOTOR SALES INC.,<br><br>Defendant. | Civil Action No.:<br>6:08-cv-767-Orl-19 DAB |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
AND STAY JUDICIAL PROCEEDINGS**

COMES NOW, Plaintiff, Nature Schoendorf, by and through her undersigned counsel, and, in accordance with Local Rule 3.01(b), files this Memorandum in Opposition to Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings. In support of this memorandum, Plaintiff states as follows:

On June 9, 2008, Defendant filed a Motion to Compel Arbitration and Stay Judicial Proceedings, in which it incorporated as Exhibit 1 a document titled "Toyota of Orlando Arbitration Agreement." In said Motion, Defendant bases its entire argument on said document. However, because Plaintiff is not a party to the Defendant's incorporated Exhibit, it is therefore invalid as a contract as pertaining to her, and

*Schoendorf v. Toyota of Orlando;* Case No. 6:08-cv-767-Orl-19 DAB; CPLS file No. 239-1;
Plaintiff's Memorandum in Opposition of Defendant's Motion to Compel Arbitration and Stay of Judicial Proceedings
Page 2 of 6

Plaintiff requests that this Honorable Court deny Defendant's Motion.

### I. MOTION TO COMPEL ARBITRATION

Defendant's Motion states, "Schoendorf acknowledged receipt of the Agreement on September 10, 2007," and, "[b]y signing for receipt of the Agreement, Schoendorf clearly and unambiguously agreed to comply with its terms." (Motion at 2, Paragraph 3.)

However, Schoendorf did not sign for the so-called "Agreement," and therefore it is invalid.

Ordinary contract principles determine whether parties are contractually bound in an arbitration agreement. *Fleetwood Enter. Inc. v. Gaskamp,* 280 F.3d 1069, 1073 (5th Cir. 2002) (citing *Daisy Mfg. Co. v. NCR Corp.,* 29 F.3d 389, 392 (8th Cir.1994). A valid contract requires that the parties manifest an intent to be bound "including an offer, an acceptance, and consideration." *Total Medical Management, Inc. v. United States,* 104 F.3d 1314, 1319 (Fed.Cir.1997) (citations omitted). Such an intent to be bound "must be manifested by some intelligible conduct, act, or sign. If not, no contract is shown." *Woods v. Ayres*, 39 Mich. 345 (1878) (citations omitted).

Case 6:08-cv-00767-GAP-DAB   Document 7   Filed 06/17/08   Page 3 of 11 PageID 54

*Schoendorf v. Toyota of Orlando;* Case No. 6:08-cv-767-Orl-19 DAB; CPLS file No. 239-1;
Plaintiff's Memorandum in Opposition of Defendant's Motion to Compel Arbitration and Stay of Judicial Proceedings
Page 3 of 6

In the instant case, the "Agreement" evidences no manifestation of Plaintiff's intent to be bound. Plaintiff's name is not written or indicated anywhere in said agreement, and her signature is nowhere to be found on it. Although the "Agreement" does include a marking which could arguably be *somebody*'s signature, it contains no identifying words, letters, or phrases that state who the signatory is. Rather, the "Agreement" itself is a non-personalized, standard form document, and the marking is a completely illegible and unidentified wavy line, no more than an unidentifiable scribble. It contains no notarization mark and no signed witnesses to the signature.

Moreover, as is attested in the Affidavit attached hereto as **Exhibit A**, Plaintiff avers that she never saw this "Agreement" prior to this lawsuit, that she never signed the "Agreement," and that unidentified scribble at its foot is not her signature. To compare the scribble to Plaintiff's actual and true signature, see: (1) Page 2 of Exhibit A to this Memorandum, showing her true, notarized signature; (2) a copy of Plaintiff's Driver License, attached hereto as **Exhibit B**,[1] which also shows an exploded detail of her signature; and

---

[1] In respect for Plaintiff's privacy, the Driver License Number and Date of Birth have been blackened out on the exhibited copy.

Case 6:08-cv-00767-GAP-DAB Document 7 Filed 06/17/08 Page 4 of 11 PageID 55

*Schoendorf v. Toyota of Orlando;* Case No. 6:08-cv-767-Orl-19 DAB; CPLS file No. 239-1;
Plaintiff's Memorandum in Opposition of Defendant's Motion to Compel Arbitration and Stay of Judicial Proceedings
Page 4 of 6

(3) the signature page of the verified Complaint in this case, attached hereto as **Exhibit C** and also containing Plaintiff's notarized signature.

Therefore, because Plaintiff did not sign said "Agreement," she did not intend to be bound by it, she did not accept it, and it is not a valid contract as pertaining to her. Because the "Agreement" is invalid, the Court should deny Defendant's Motion to Compel Arbitration.

## II. MOTION TO STAY JUDICIAL PROCEEDINGS

When ruling on a motion for a stay pursuant to the Federal Arbitration Act, a court must first determine whether a valid agreement to arbitrate exists. *Casteneda v. Swift Transp. Corp.*, 2008 WL 1850652 (W.D. Tex). If an agreement to arbitrate is invalid, the Court must deny the Motion to Stay. *Id.* Therefore, because the "Agreement" on which Defendant's Motion to Compel relies is invalid as pertaining to Plaintiff, the Court must deny Defendant's Motion to Stay.

## III. CONCLUSION

The Court should deny Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings because Plaintiff was not a party to the "Agreement" on which Defendant bases its argument, and said "Agreement" is therefore invalid as it pertains to her.

*Schoendorf v. Toyota of Orlando;* Case No. 6:08-cv-767-Orl-19 DAB; CPLS file No. 239-1;
Plaintiff's Memorandum in Opposition of Defendant's Motion to Compel Arbitration and Stay of Judicial Proceedings
Page 5 of 6

Respectfully Submitted:

Dated: June 16, 2008

[√] Tami Gayikian, Esq.
    Florida Bar No. 0134650
[x] Cynthia Conlin, Esq.
    Florida Bar No. 0047012
[ ] Tee Persad, Esq.
    Florida Bar No. 0045594
CPLS, P.A.
Attorneys & Counselors at Law
201 E. Pine Street, Ste. 445
Orlando, FL 32801
407-647-7887/407-647-5396 (fax)
cconlin@cplspa.com
Attorneys for Plaintiff
(CPLS file No.: 239-1)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the below date I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served this day upon all counsel of record or pro-se parties identified below in the manner(s) specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*Schoendorf v. Toyota of Orlando;* Case No. 6:08-cv-767-Orl-19 DAB; CPLS file No. 239-1;
Plaintiff's Memorandum in Opposition of Defendant's Motion to Compel Arbitration and Stay of Judicial Proceedings
Page 6 of 6

```
Via Electronic Filing:    Kenneth A. Knox and
                          James C Polkinghorn
                          Fisher & Phillips, LLP
                          450 E. Las Olas Blvd., Ste. 800
                          Fort Lauderdale, FL 33301
                          Attorneys for Defendant


Dated: June 16, 2008
                          _____
                          [ ] Tami Gayikian, Esq.
                              Florida Bar No. 0134650
                          [x] Cynthia Conlin, Esq.
                              Florida Bar No. 0047012
                          [ ] Tee Persad, Esq.
                              Florida Bar No. 0045594
                          CPLS, P.A.
                          Attorneys & Counselors at Law
                          201 E. Pine Street, Ste. 445
                          Orlando, FL 32801
                          407-647-7887/407-647-5396 (fax)
                          cconlin@cplspa.com
                          (CPLS file No.: 239-1)
```

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATURE SCHOENDORF, individually )
and on behalf of all others )
similarly situated, )
)
        Plaintiff, ) Civil Action No.:
) 6:08-cv-767-Orl-19 DAB
v. )
)
TOYOTA OF ORLANDO, a/k/a, )
CENTRAL FLORIDA MOTOR SALES )
INC., )
        Defendant. )
)

## AFFIDAVIT OF PLAINTIFF NATURE SCHOENDORF

I, NATURE SCHOENDORF, being of lawful age, sound mind, and having been duly sworn upon my oath, depose and say that:

1. I am the Plaintiff in the above-captioned matter.

2. I have seen and reviewed Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings, as well as the document attached to it as "Exhibit 1" and titled "Toyota of Orlando Arbitration Agreement."

3. I have no recollection of ever seeing this "Arbitration Agreement" prior to this lawsuit.

4. I have no recollection of ever signing this "Arbitration Agreement."

5. My name appears nowhere on this "Arbitration Agreement."

6. My signature does not exist anywhere on this "Arbitration


EXHIBIT A

*Schoendorf v. Toyota of Orlando* ; Case No. 6:08-cv-767-Orl-19-DAB;  CPLS file No. 239-1
Affidavit of Nature Schoendorf; Page 2 of 2

Agreement."

7. The scribbled marking on the last page of this "Arbitration Agreement" and below the word "Individual" is not my signature.

8. I do not recognize the scribbled marking on the arbitration agreement as my own signature nor as the signature of anyone I know.

9. My actual signature, which is evidenced both on this Affidavit and on the verified pleading in this matter, is extremely different from the scribbled marking on the Arbitration agreement.

FURTHER, affiant sayeth not.

Dated: June 13, 2008

_____
NATURE SCHOENDORF

State of Florida     )
County of SEMINOLE   ) ss:

Sworn to and Subscribed before me, the undersigned authority, on the 13 day of June, 2008, by NATURE SCHOENDORF, who personally appeared before me, acknowledged being the affiant in this Affidavit, and attested to the accuracy of the statements herein. Nature Schoendorf is either personally known to me, or produced her Florida Driver's License, No. NATURE LATISA SCHOENDORF , as personal identification.

_____
NOTARY PUBLIC

BIPINKUMAR G. PATEL
Comm# DD0758447
Expires 2/13/2012
Florida Notary Assn., Inc



EXHIBIT B



## PLAINTIFF'S VERIFICATION AND CONSENT

I, Nature Schoendorf, Plaintiff herein, hereby verify and/or certify under oath and penalty of perjury under the laws of the United States of America that I have read this Complaint and that the facts alleged herein are true and correct.

I, Nature Schoendorf, hereby consent to joining this lawsuit, pursuant to the applicable provisions of the Fair Labor Standards Act, on behalf of myself and all others similarly situated.

Dated: 3/7/08, 2008

_____
Nature Schoendorf, Plaintiff

State of Florida )
County of Orange ) ss:

Sworn to and Subscribed before me, the undersigned authority, on the 7th day of April, 2008, by NATURE SCHOENDORF, who personally appeared before me, acknowledged reading this Complaint, and attested to the accuracy of the facts stated herein. Nature Schoendorf is either personally known to me, or produced her Florida Driver's License, No. S 536-632-73-796-1, as personal identification.

_____
NOTARY PUBLIC

Notary Public State of Florida
Teeluck Persad
My Commission DD663490
Expires 06/19/2011

EXHIBIT C