UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NATURE SCHOENDORF,**

        **Plaintiff,**

-vs-                                                 Case No. 6:08-cv-767-Orl-19DAB

**TOYOTA OF ORLANDO, a/k/a Central Florida Motor Sales, Inc.,**

        **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion to Compel Arbitration and Stay Judicial Proceedings by Defendant Toyota of Orlando, a/k/a Central Florida Motor Sales, Inc. (Doc. No. 6, filed June 9, 2008);

2. Memorandum in Opposition to Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings by Plaintiff Nature Schoendorf (Doc. No. 7, filed June 17, 2008); and

3. Unopposed Amended Motion for Leave to File Reply Brief and Supporting Memorandum of Law by Defendant (Doc. No. 10, filed June 27, 2008).

## Background

Plaintiff Nature Schoendorf, individually and on behalf of all others similarly situated, brought this action against Defendant Toyota of Orlando, a/k/a Central Florida Motor Sales, Inc. (Doc. No. 1, filed May 12, 2008.) She alleged that Defendant failed to pay her proper overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (2006). (Doc. No. 1 at 7-8.) In response, Defendant filed a Motion to Compel Arbitration and Stay Judicial

Proceedings. (Doc. No. 6.) Defendant claimed therein that Plaintiff signed an agreement requiring the parties to resolve all disputes between them through arbitration and attached a copy of this agreement purportedly signed by Plaintiff. (*Id.* at 2 ¶ 3; Doc. No. 6-2.) Plaintiff filed an Opposition to Defendant's Motion, in which she argued that she did not agree to arbitration or sign the arbitration agreement and had never seen the agreement prior to the lawsuit. (Doc. No. 7 at 3-4, 7-11.) Defendant then filed an Unopposed Amended Motion for Leave to File a Reply Brief to Plaintiff's Response. (Doc. No. 10.)

**Analysis**

In determining whether parties agreed to arbitrate a dispute, the district court must examine the arbitration agreement and other underlying relevant facts. *See Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 817 (11th Cir.1993); *Quintero v. Amscot Corp.*, No. 6:08-cv-196-19DAB, 2008 WL 2439798, at *1 (M.D. Fla. June 13, 2008). The validity of an arbitration agreement is generally governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (2006), which "embodies a liberal federal policy favoring arbitration agreements." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir.2005) (internal quotations omitted). Under the FAA, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract." *Id.* (quoting 9 U.S.C. § 2) (internal quotations omitted). Valid arbitration agreements are enforceable for disputes arising from employment relationships not involving transportation workers,[1] *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 121-23 (2001), including claims that arose under the FLSA. *See e.g.*, *Downey v. Robert W. Baird & Co.*, No.

---

[1] The FAA expressly excludes "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce" from its purview. 9 U.S.C. § 1.

6:07-cv-1180-Orl-31DAB, 2007 WL 2729578, at * 1 (M.D.Fla. Sept.18, 2007) (citing *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319-20 (9th Cir.1996)); *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 298 (5th Cir.2004); *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 506 (4th Cir.2002).[2]

Given the potentially dispositive nature of Defendant's Motion to Compel Arbitration, coupled with Plaintiff's assertion that the she never entered the arbitration agreement or signed the document provided by Defendant, the Court finds that an evidentiary hearing is warranted.

**Conclusion**

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. The Court **DEFERS RULING** on the Motion to Compel Arbitration and Stay Judicial Proceedings by Defendant Toyota of Orlando, a/k/a Central Florida Motor Sales, Inc. (Doc. No. 6, filed June 9, 2008). The Court will hold an **EVIDENTIARY HEARING** on this Motion at **10:00 A.M.** on **Wednesday, August 20, 2008** in Courtroom 3B on the third floor of the Annex to the George C. Young United States Courthouse, 401 W. Central Boulevard, Orlando, Florida, 32801.

2. The Unopposed Amended Motion for Leave to File a Reply Brief by Defendant (Doc. No. 10, filed June 27, 2008) is **GRANTED AS UNOPPOSED**. Defendant has leave to file its Reply Brief on or before **12:00 P.M.** on **Frida, August 15, 2008**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August  6 , 2008.

---

[2] The Eleventh Circuit has not opined on this specific issue.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record