UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.: 6:08-CV-767-ORL-19-DAB

NATURE SCHOENDORF, individually and on behalf of all others similarly situated,

Plaintiff,

v.

TOYOTA OF ORLANDO a/k/a CENTRAL FLORIDA MOTOR SALES, INC.,

Defendant.
_____________________________________/

**DEFENDANT'S MOTION TO CONSOLIDATE, AND INCORPORATED MEMORANDUM OF LAW**

The defendant, Toyota of Orlando, a/k/a, Central Florida Motor Sales Inc. ("Toyota"), moves pursuant to Fed.R.Civ.P. 42(a) and Local Rule 1.04(c) for an Order consolidating the case titled *Schoendorf v. Toyota of Orlando and Gene Glass*, Case No. 6:08-cv-2188-PCF-GJK ("Title VII Case") with the instant case for the purposes of pretrial matters, discovery, dispositive motions, and trial based on duplication in the prosecution or resolution of the instant case. In support thereof, Toyota states as follows:

1. The plaintiff in the instant case, Nature Schoendorf ("Schoendorf"), worked as a Service Consultant for Toyota for three months.

2. On May 12, 2008, Schoendorf filed the instant action, alleging that Toyota failed to comply with the Fair Labor Standards Act ("FLSA").

3. On April 29, 2008, Schoendorf filed a complaint against Toyota in state court

alleging failure to pay proper wages ("state case"). In both the instant action and the state case, Toyota has a Motion to Compel Arbitration pending ruling by the court.

4. On December 20, 2008, Schoendorf filed the Title VII complaint, originally Case No. 6:08-cv-2188-Orl-31-GJK, against Toyota alleging violations of Title VII of the Civil Rights Act of 1964 for alleged sexual harassment and negligent hiring, and against Gene Glass individually for battery. Toyota moved to transfer the Title VII case to Judge Patricia C. Fawsett, which Judge Presnell granted on February 5, 2009 with Judge Fawsett's permission. The new case number assigned to the Title VII case is 6:08-cv-2188-PCF-GJK.

5. Both the instant complaint and the Title VII complaint set forth the same factual basis. Specifically, Schoendorf is suing her previous employer for a number of employment-related claims. Both suits will involve the same documentary evidence and many of the same witnesses.

6. In both cases, Toyota is asserting as an affirmative defense that the claims are governed by an arbitration agreement.

7. Toyota now moves for the entry of an Order consolidating the cases pursuant to Fed.R.Civ.P. 42(a) and Rule 1.04(b), Local Rules, M.D. Fla.

**MEMORANDUM OF LAW**

Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Local Rule 1.04(c) states "If cases assigned to a judge are related because of either a common question of law or fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move

to consolidate the cases for any or all purposes in accord with Rule 42.Fed.R.Civ.P., or Rule 13, Fed.R.Cr.P." Determination on whether the requested consolidation is warranted is discretionary. *See Hendrix v. Raybestos Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). However, "trial judges are encouraged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id*.

Consolidation in the instant matter is necessary to avoid inconsistent rulings on similar issues of fact and law and to ensure that the same standard is applied to the determination of such issues as they arise in each case. *See Hargett v. Valley Federal Savings Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995) (proper solution to problems created by existence of two or more cases involving same parties and issues, simultaneously pending in same court would be consolidation under Rule 42).

No party will be prejudiced by the consolidation of these cases. Moreover, consideration of judicial economy favors consolidation. *Vincelli v. National Home Health Care Corp.*, 112 F. Supp.2d 1309, 1312 (M.D. Fla. 2000). Consolidation will help avoid needless duplication of time, effort, and expense on the part of the parties and the Court in discovery and at trial.

**LOCAL RULE 3.01(g) CERTIFICATION**

The undersigned has contacted counsel for Schoendorf in both cases, regarding this matter but counsel were unable to come to an agreement.

For the foregoing reasons, Toyota respectfully requests that this Court grant its Motion and enter an Order consolidating the case styled *Schoendorf v. Toyota of Orlando and Gene Glass,* Case No. 6:08-cv-2188-PCF-GJK, with the instant action.

Date: February 10, 2009

Respectfully submitted,

FISHER & PHILLIPS
450 East Las Olas Blvd., Suite 800
Fort Lauderdale, Florida 33301
Phone: (954) 525-4800
Facsimile: (954) 525-8739

By: /s/David M. Gobeo
James C. Polkinghorn
(Fla. Bar No. 0376892)
jpolkinghorn@laborlawyers.com
Kenneth A. Knox
(Fla. Bar No. 0829455)
kknox@laborlawyers.com
David M. Gobeo
(Fla. Bar No. 16565)
dgobeo@laborlawyers.com

*Attorneys For Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2009, I electronically filed the foregoing **MOTION TO CONSOLIDATE AND INCORPORATED MEMORANDUM OF LAW** with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ David M. Gobeo

James C. Polkinghorn
(Fla. Bar No. 0376892)
jpolkinghorn@laborlawyers.com
Kenneth A. Knox
(Fla. Bar No. 0829455)
kknox@laborlawyers.com
David M. Gobeo
(Fla. Bar No. 16565)
dgobeo@laborlawyers.com
FISHER & PHILLIPS LLP
450 E. Las Olas Boulevard
Suite 800
Fort Lauderdale, FL 33301
Telephone: (954) 525-4800
Facsimile: (954) 525-8739

*Attorneys For Defendant*

**SERVICE LIST**

Nature Schoendorf v. Toyota of Orlando a/k/a Central Florida Motor Sales, Inc.
**Case No.: 6:08-CV-767-ORL-19-DAB**
**United States District Court – Middle District of Florida**

Cynthia Conlin, Esquire
CConlin@cplspa.com
CPLS, P.A.
201 E. Pine Street, Suite 445
Orlando, Florida 32801

*Attorney for Plaintiff*
**Via Electronic Filing**

James C. Polkinghorn
jpolkinghorn@laborlawyers.com
Kenneth A. Knox
kknox@laborlawyers.com
David M. Gobeo
dgobeo@laborlawyers.com
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard
Suite 800
Ft. Lauderdale, Florida 33301
Telephone: (954) 525-4800
Facsimile: (954) 525-8739

*Attorneys For Defendant*