# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**NATURE SCHOENDORF,**

      **Plaintiff,**

-vs-                                                                 **Case No. 6:08-cv-767-Orl-19DAB**

**TOYOTA OF ORLANDO,**
**a/k/a Central Florida Motor Sales, Inc.,**

      **Defendant.**

_____

# ORDER

This case comes before the Court on the Motion of Defendant Toyota of Orlando to Consolidate Cases (Doc. No. 43, filed Feb. 10, 2009), and the Memorandum in Opposition of Plaintiff Nature Shoendorf (Doc. No. 44, filed Feb. 20, 2009).

Plaintiff Nature Schoendorf has filed two cases against her former employer, Defendant Toyota of Orlando. This is the first of the cases: a collective action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) (2006). (Doc. No. 1, filed May 12, 2008.) The second filed case is an action brought by Schoendorf individually against Toyota of Orlando and a second defendant, Gene Glass. In that case, Schoendorf alleges that Toyota of Orlando violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2006), that Toyota of Orlando is liable for negligent retention, and that Glass committed a battery under Florida law. (Case No. 6:08-cv-2188-PCF-GJK, Doc. No. 1, filed Dec. 30, 2008.)

Toyota of Orlando filed this Motion seeking to consolidate the two cases. (Doc. No. 43, filed Feb. 10, 2009.) The governing standard is Federal Rule of Civil Procedure 42(a) which allows

district courts to consolidate actions that "involve a common question of law or fact."[1] The decision to consolidate under this rule lies in the discretion of the district court. *Hendrix v. Raybestos Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). Generally, "trial judges are encouraged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* (citation omitted).

Toyota of Orlando argues that "[c]onsolidation in the instant matter is necessary to avoid inconsistent rulings on similar issues of fact and law and to ensure that the same standard is applied to the determination of such issues as they arise in each case." (Doc. No. 43 at 3.) Despite that statement, however, it specifies only one common issue of law or fact: "Toyota is asserting as an affirmative defense that the claims are governed by an arbitration agreement." (*Id.* at 2.)

As Schoendorf correctly acknowledges, "[a]though actions involving the same parties are likely candidates for consolidation, a common question of law or fact is a necessary prerequisite." *Pugh v. Baker Hughes Oilfield Operations*, Civil Action Nos. H-07-2346, H-07-2869, 2007 WL 3378377, at *2 (S.D. Tex. Nov. 13, 2007). FLSA and Title VII cases do not involve common issues of law and fact merely because a common employer is named as a defendant in both cases. *E.g.*, *Pugh*, 2007 WL 3378377, at *2 ("Whether Defendant improperly classified Plaintiff as an exempt employee and impermissibly withheld overtime pay is an inquiry wholly distinct from whether Defendant discriminated and retaliated against Plaintiff on the basis of her race, sex, and age.");

---

[1] Further, under Local Rule 1.04(c), "If cases assigned to a judge are related because of either a common question of law or fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to consolidate the cases for any or all purposes in accord with Rule 42. Fed. R. Civ. P., or Rule 13, Fed. R. Cr. P."

*Perez v. Pavlich Inc.*, Civil Action No. 07-2576-CM, 2008 WL 4544379, at * 2 (D. Kan. Oct. 8, 2008).

In this case, the existence of a potentially enforceable arbitration agreement appears to be the only significant common issue of law or fact. (*See* Doc. No. 43 at 2-3.) However, this issue should be decided early in this litigation by the Court, and it therefore is not the type of issue which threatens to be resolved inconsistently by different triers of fact. *C.f.*, *Hendrix*, 776 F.2d at 1495-96 (common issues of fact regarding liability existed in multiple asbestos cases which were decided by one jury). Thus, the risk of inconsistent adjudications on common factual or legal issues appears minimal.[2] *Hendrix*, 776 F.2d at 1495. Further, as a practical matter, the Court is hesitant to consolidate a collective action with an individual action that is based on a different cause of action. Among other issues, the combination of these cases may hinder the settlement of the collective action.

Based on the foregoing, the Motion of Defendant Toyota of Orlando to Consolidate Cases (Doc. No. 43, filed Feb. 10, 2009) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March 2, 2009.

---

[2] In determining whether a consolidation is warranted, the Eleventh Circuit has instructed district courts to also consider "the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Hendrix*, 776 F.2d at 1495 (citation omitted). Aside from vaguely declaring that the same documents and witnesses will be involved in both cases, Toyota of Orlando has not offered factual arguments concerning any of these factors. (*See* Doc. No. 43 at 3.) To the extent judicial resources are implicated, a joint trial is unlikely to conserve judicial resources for the reasons stated above.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record